**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                          **Case No. 5:24-cr-20-TPB-PRL**

**ROBERT EDWARD SMITH,**
    **a/k/a "Bobby"**

**UNITED STATES' MOTION FOR
<u>PRELIMINARY ORDER OF FORFEITURE</u>**

The United States moves the Court, pursuant to 26 U.S.C. § 5872, 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2), to enter a Preliminary Order of Forfeiture for a Sten machinegun and two silencers, seized from the defendant on February 15, 2024. In support thereof, the United States submits the following.

**<u>MEMORANDUM OF LAW</u>**

I.    **<u>Statement of Facts</u>**

A.    **Allegations Against the Defendant**

1.    The defendant was charged in an Indictment with possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d). Doc. 21.

2.    The Indictment also contained forfeiture allegations putting the defendant on notice that, pursuant to 26 U.S.C. § 5872, 28 U.S.C. § 2461(c), and 49 U.S.C. § 80303, the United States would seek to forfeit the subject machinegun and silencers. *Id.* at 2.

**B.    Finding of Guilt and Admissions of Fact Relating to Forfeiture**

3.    On June 12, 2024, without the benefit of a plea agreement, the defendant pled guilty to Count One of the Indictment. Docs. 37 and 39. The Court accepted the defendant's plea and adjudicated him guilty. Doc. 42.

4.    The Factual Basis of the United States' Notice of Maximum Penalties, Elements of Offense, Personalization of Elements and Factual Basis, establishes the basis for finding that the defendant was in possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d). Doc. 34 at 2-8. Specifically, during the execution of a search warrant at the defendant's residence, law enforcement found the machinegun and silencers in the defendant's bedroom. *Id*. at 4.

## II.    Applicable Law

### A.    Forfeiture Authority

Criminal forfeiture in this case is authorized by 26 U.S.C. § 5872 and 28 U.S.C. § 2461(c), which provides for the forfeiture of any firearms involved in a violation of 26 U.S.C. § 5861(d). Pursuant to 28 U.S.C. § 2461(c), the United States is authorized to forfeit this property criminally utilizing the procedures set forth in 21 U.S.C. § 853.

### B.    Court's Determination of Forfeiture

Rule 32.2(b)(1) provides that, when the government seeks to forfeit specific property, the Court must determine whether the government has established the requisite nexus between the property and the defendant's crimes. Fed. R. Crim. P.

32.2(b)(1). The Court must do so as soon as practical after a verdict or finding of guilty, or after a plea of guilty is accepted. Fed. R. Crim. P. 32.2(b)(1)(A).

The Court's determination may be based on evidence already in the record, or any additional evidence submitted by the parties and accepted by the Court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B). As was established in the Notice of Maximum Penalties, Elements of Offense, Personalization of Elements and Factual Basis, the machinegun and silencers were involved in the offense charged in Count One. Therefore, the assets are subject to forfeiture, pursuant to 26 U.S.C. § 5872 and 28 U.S.C. § 2461(c).

## III.    Conclusion

For the reasons stated above, the United States requests that, pursuant to 26 U.S.C. § 5872, 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2), the Court enter a preliminary order of forfeiture for the machinegun and silencers. The United States further requests that the preliminary order of forfeiture become final as to the defendant at sentencing.

Upon issuance of the Preliminary Order of Forfeiture, the United States will provide written notice to all third parties known to have an alleged legal interest in the property and will publish notice on the Internet at www.forfeiture.gov of its intent to forfeit the property. Determining whether a third party has any interest in the property must be deferred until a third-party files a claim. *See* Rule 32.2(c).

As required by Rule 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and, in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(B) and *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

Because the Preliminary Order of Forfeiture forfeits only the defendant's interest in the machinegun and silencers, the United States further requests that the Court retain jurisdiction to address any third-party claim that may be filed in these proceedings, and to enter any further order necessary for the forfeiture and disposition of such property.

Respectfully Submitted,

ROGER B. HANDBERG
United States Attorney

By:   *s/Nicole M. Andrejko*
NICOLE M. ANDREJKO
Assistant United States Attorney
Florida Bar No. 0820601
400 West Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7560
Facsimile: (407) 648-7643
E-Mail: Nicole.Andrejko@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system that will send a notice of electronic filing to counsel of record.

*s/Nicole M. Andrejko*
NICOLE M. ANDREJKO
Assistant United States Attorney